UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANIA L. ALLEN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-01259-TL<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

This case arises out of Plaintiff Vania L. Allen's numerous allegations of harm, made against multiple defendants and a number of "implicated entities." Dkt. No. 5. This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint, the Court finds that it lacks subject-matter jurisdiction over the case and must DISMISS WITHOUT PREJUDICE Plaintiff's Complaint, with leave to file an amended complaint.

On August 15, 2024, Plaintiff filed an action to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application was granted, but U.S. Magistrate Judge Michelle L. Peterson recommended that Plaintiff's Complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summonses. Dkt. No. 4.

"Federal courts are courts of limited jurisdiction, having the power to hear certain cases only as the Constitution and federal law authorize." *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Broadly speaking, a federal district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (*i.e.*, "federal question" jurisdiction), *see* 28 U.S.C. § 1331; or (2) where more than $75,000 is in controversy, and where the citizenship of each plaintiff is different from that of each defendant (*i.e.*, "diversity" jurisdiction), *see id.* § 1332; *see also Newtok Vill.*, 21 F.4th at 615 (noting "the two types of federal subject matter jurisdiction—diversity of citizenship and federal question"). A federal district court also has jurisdiction over "civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . ," but such jurisdiction is conditional and subject to the substantive and procedural requirements of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2671–2680; *see Cervantes v. United States*, 330 F.3d 1186, 1188 (9th Cir. 2003). Put another way, this Court does not have jurisdiction over personal-injury claims against the federal government, unless such claims have been brought under the Federal Tort Claims Act. Federal courts are presumed to lack subject matter jurisdiction over a case, and the burden of showing otherwise rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Subject-matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party challenges jurisdiction. *Id.*; *see also Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (examining and finding lack of diversity jurisdiction *sua sponte*). If a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506 (citing Fed. R. Civ. P. 12(h)(3)).

1    Plaintiff appears to assert subject-matter jurisdiction on two grounds. First, Plaintiff has
2 checked the box indicating "U.S. Government Defendant" as basis for jurisdiction and has
3 described the claim as "personal injury/medical malpractice." Dkt. No. 5-1 at 1. Second, Plaintiff
4 has also checked the box indicating "Diversity of citizenship" as basis for jurisdiction. Dkt. No. 5
5 at 3. The Court will address these in turn.

6 **A.     United States as Defendant**

7    The Federal Tort Claims Act is the exclusive remedy for tortious conduct alleged against
8 the federal government. *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). This includes
9 medical-malpractice claims. *See Martinez v. Kaweah Delta Med. Ctr.*, 637 F. Supp. 3d 1039,
10 1043 (E.D. Cal. 2022). Here, Plaintiff has not invoked or pleaded the FTCA in their Complaint.
11 *See generally* Dkt. Nos. 5, 5-1. Instead, Plaintiff appears to bring a "personal injury/medical
12 malpractice" suit against the United States under RCW 4.28.360. *See* Dkt. No. 5-1 at 1. This is a
13 Washington state law establishing that, "In any civil action for personal injuries, the complaint
14 shall not contain a statement of the damages sought but shall contain a prayer for damages as
15 shall be determined." RCW 4.28.360. It is not the FTCA and, consequently, it does not grant this
16 Court jurisdiction to hear Plaintiff's claim.

17    Therefore, to the extent that Plaintiff bases her "personal injury/medical malpractice"
18 claim on the federal government's violation of RCW 4.28.360, the Complaint is DISMISSED
19 WITHOUT PREJUDICE.

20 **B.     Diversity of Citizenship**

21    "[A] federal court may exercise diversity jurisdiction 'only if there is no plaintiff and no
22 defendant who are citizens of the same State.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d
23 1110, 1112 (9th Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998));
24 *see also* 28 U.S.C. § 1332(a). Here, Plaintiff has checked the box indicating that this Court has

subject-matter jurisdiction over this case based on the Parties' diversity of citizenship. Dkt. No. 5 at 3. Plaintiff asserts that they are a citizen of Washington. Dkt. No. 5 at 5. But so, too, is Defendant Angeline's Day Center/Shelter. *See id.* at 4, 5. There is thus not complete diversity, and this Court must dismiss the case for lack of subject-matter jurisdiction.

Accordingly, the Court ORDERS as follows:

This case is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend the complaint within **thirty (30) days** of this Order. Therefore, any amended complaint is due by **January 9, 2025.**

Dated this 10th day of December 2024.

Tana Lin
United States District Judge