UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANIA L. ALLEN,<br><br>             Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>             Defendants. | CASE NO. 2:24-cv-01259-TL<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court on its own motion. On December 10, 2024, the Court dismissed Plaintiff Vania L. Allen's complaint without prejudice. Dkt. No. 7 at 4. The Court gave Plaintiff leave to file an amended complaint on or before January 9, 2025. *Id.* That deadline has lapsed, and Plaintiff has not filed an amended complaint. Therefore, the Court ORDERS Plaintiff to show cause as to why the Court should not dismiss this case without prejudice.

## I.     BACKGROUND

Although it is not entirely clear, this case appears to concern injuries that Plaintiff allegedly sustained during her birth in 1986, as well as other violations allegedly committed against Plaintiff by a diverse group of individuals, non-profit organizations, for-profit companies,

and governmental institutions. *See generally* Dkt. No. 5 (Complaint). On August 15, 2024, Plaintiff, proceeding *pro se*, filed an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. On August 16, 2024, United States Magistrate Judge Michelle L. Peterson granted Plaintiff's application (Dkt. No. 4), and Plaintiff's complaint was docketed the same day (Dkt. No. 5). Plaintiff did not serve any Defendant, and no Defendant appeared.

On December 10, 2024, the Court dismissed Plaintiff's complaint without prejudice. Dkt. No. 7. The Court ruled on two bases. First, to the extent that Plaintiff was making a claim of "personal injury/medical malpractice," the Court found that it lacked subject-matter jurisdiction over Plaintiff's claims. *See id.* at 3. Plaintiff appeared to be alleging tortious conduct against the federal government, but she had brought her complaint under Washington state law. *See id.* Noting that the Federal Tort Claims Act was the exclusive remedy for the alleged misconduct, the Court found that it could not hear claims brought pursuant to RCW 4.28.360. *Id.* Second, the Court found that there was not complete diversity of citizenship between Plaintiff and at least one Defendant, thereby depriving the Court of subject-matter jurisdiction under 28 U.S.C. § 1332. *See id.* at 4. As discussed above, the Court dismissed the complaint and gave Plaintiff until January 9, 2025, to amend her pleading. *Id.*

## II.    DISCUSSION

The Court may dismiss a case for a plaintiff's failure to prosecute it. *See Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal where a plaintiff fails to prosecute). A court must weigh five factors before dismissing a case for failure to prosecute or comply with an order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic alternatives." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)); *see also Beck v. Pike*, No. C16-1, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017) ("Dismissal is proper when at least four factors support dismissal or where at least three factors 'strongly' support dismissal.").

Therefore, the Court ORDERS Plaintiff to show cause why the Court should not dismiss this case without prejudice. If Plaintiff wishes to dismiss her case, she SHALL file a response with a statement saying so. If Plaintiff wishes to continue with her case, she SHALL either: (1) file an amended complaint; or (2) file a response explaining why the Court should not dismiss her case for failure to prosecute or comply with a court order, focusing on the five factors listed in this paragraph. Should Plaintiff fail to respond within 21 days of this Order, the Court will dismiss this case.

### III.    CONCLUSION

Accordingly, Plaintiff is ORDERED to show cause why this matter should not be dismissed without prejudice. Plaintiff SHALL file either her response to this Order or an amended complaint **no later than April 10, 2025.**

Dated this 20th day of March 2025.

Tana Lin
United States District Judge